FILED

2013 JUN 28   AM 10: 18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WRIGHT, | CASE NO. 13-CV-1147 BEN (JMA) |
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| vs. | |
| CASWELL OVERLOOK COMMUNITY ASSOCIATION, INC., a Georgia corporation, LUEDER, LARKIN & HUNTER, LLC, a Georgia limited liability corporation, and DOES 1 to 10, inclusive, | [ECF No. 2] |
| Defendants. | |

On May 13, 2013, Plaintiff William J. Wright filed a civil complaint and a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 & 2. For the reasons stated below, the motion to proceed IFP is granted.

## DISCUSSION

All parties instituting any civil action in a district court, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party seeking IFP status must submit an affidavit stating that she is unable to pay the costs of the lawsuit. § 1915(a). "The granting or refusing of permission to proceed *in forma*

13cv1147

1  *pauperis* is a matter committed to the sound discretion of the district court." *Smart*
2  *v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (citations omitted).

3       Having reviewed Plaintiff's declaration in support of his motion to proceed
4  IFP, the Court finds that he is unable to pay the filing fee or post securities required
5  to maintain this action.  Accordingly, the Court **GRANTS** his motion to proceed
6  IFP.

7       Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the
8  Court must dismiss any complaint if at any time the Court determines that it is
9  "frivolous or malicious," "fails to state a claim on which relief may be granted," or
10  "seeks monetary relief against a defendant who is immune from such relief."  This
11  sua sponte screening is mandatory.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
12  Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)
13  (per curiam).

14       Having reviewed Plaintiff's Complaint, the Court finds that it survives the
15  sua sponte screening of 28 U.S.C. § 1915(e)(2)(B).

16                                      **CONCLUSION**

17       Wright's motion to proceed *in forma pauperis* is **GRANTED.**

18       **IT IS SO ORDERED.**

19
20  DATED: June 27, 2013

                                  HON. ROGER T. BENITEZ
                                  United States District Court Judge

21
22
23
24
25
26
27
28

13cv1147